**UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VIOLA BENTLEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| **SOUTHWEST CREDIT SYSTEMS, LP,** ) | **COMPLAINT AND DEMAND** |
| ) | **FOR JURY TRIAL** |
| Defendant. ) | |
| _____ ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

VIOLA BENTLEY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SOUTHWEST CREDIT SYSTEMS, LP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Philadelphia, PA 19133.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 4120 International Parkway, Suite 1100, Carrollton, TX 75007.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Upon information and belief, Defendant was attempting to collect a personal debt from Plaintiff.

12. The alleged debt at issue arose out of transactions that were primarily for personal, family or household purposes.

13. Plaintiff has no business debts, and the debt that Defendant was attempting to collect could only have been a personal debt.

14. Beginning in early December 2015, Defendant began placing repeated harassing telephone calls to Plaintiff's cellular telephone.

15. Plaintiff told Defendant to stop calling her about this alleged debt in early December 2015 soon after the calls began.

16. Defendant's representatives acknowledged Plaintiff's requests that the calls stop indicating that the calls would stop.

17. However, the telephone calls to Plaintiff's cellular telephone continued despite Plaintiff's requests.

18. During these calls, Defendant has also threatened to take legal action against Plaintiff or file a lawsuit to collect the alleged debt.

19. Upon information and belief, Defendant did not intend to take legal action against Plaintiff, but made such threats to coerce payment from Plaintiff.

20. Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

21. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

22. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

23. Defendant violated §§1692d and 1692d(5) when it placed repeated and harassing telephone calls to Plaintiff's cellular telephone by calling repeatedly and continued to call after Plaintiff requested the calls cease.

## COUNT II
## **DEFENDANT VIOLATED §§1692e, 1692e(5), and 1692e(10) OF THE FDCPA**

24. A debt collector violates §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or is not intended to be taken.

25. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

27. Defendant violated §§1692d and 1692d(5) when it threatened to take legal action against Plaintiff without the intent to take such action.

WHEREFORE, Plaintiff, VIOLA BENTLEY, respectfully prays for judgment as follows:

a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, VIOLA BENTLEY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 8-22-16                              By:  /s/ Amy L. B. Ginsburg
                                                AMY L. B. GINSBURG, ESQ.
                                                Kimmel & Silverman, P.C.
                                                30 E. Butler Pike
                                                Ambler, PA 19002
                                                Phone: (215) 540-8888
                                                Fax: (877) 788-2864
                                                Email: aginsburg@creditlaw.com